**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| STEPHANIE STOGDILL AND THOMAS STOGDILL, <br><br>        Plaintiffs, <br><br> vs. <br><br> WALMART INC., DOE #1, DOE #2, DOE #3 and DOE #4, <br><br>        Defendants. | Case No. 1:23-cv-30 <br> **Iowa District Ct. Case No. LACV124601** <br><br> **NOTICE OF REMOVAL** |

    **COMES NOW** Defendant Walmart Inc., ("Defendant") through its attorneys, MWH Law Group LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby removes the above-captioned cause of action from the Iowa District Court for Pottawattamie County to the United States District Court, Southern District of Iowa, Western Division. In support thereof, Defendant states the following:

    **I.**    **Original Notice and Petition at Law**

    1.    This action was originally filed by Plaintiffs against Defendant on or about October 12, 2023, in the Iowa District Court in and for Pottawattamie County, entitled *Stephanie Stogdill and Thomas Stogdill vs. Walmart Inc.*, Case No. LACV124601 and is attached as **Exhibit 1**.

    2.    Personal service was made upon the Defendant's Registered Agent on October 23, 2023. **Exhibit 2.**

    3.    This is a civil action in which Plaintiff Stephanie Stogdill claims that she is entitled to damages for personal injury resulting from an alleged slip and fall on a grape(s) on the floor that occurred at the Walmart Store located at 3201 Manawa Centre Drive in Council Bluffs, Iowa on August 6, 2023. Plaintiff is seeking past and future medical and hospital expenses, loss of earnings,

loss of future earning capacity, past and future physical and mental pain and suffering, past and future loss of full mind and body and such other damages as are shown by the evidence. (*See* **Exhibit 1**, ¶ 11.) Plaintiff Thomas Stogdill is seeking loss of consortium damages. (*See* **Exhibit 1, ¶13.**)  The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.     Defendant Walmart Inc. is incorporated in Delaware and has its principal place of business in Bentonville, Arkansas, and is deemed to be a citizen of both Delaware and Arkansas pursuant to 28 U.S.C. 1332(c)(1).

5.     Plaintiffs are citizens of Council Bluffs, Pottawattamie County. (See **Exhibit 1, ¶¶ 3-4**). This case may be removed from the Iowa District Court in and for Pottawattamie County to the United States District Court for the Southern District of Iowa, Western Division, pursuant to 28 U.S.C. § 1332. The United States District Court has original jurisdiction over the litigation filed in state court based on diversity of the parties.

6.     The time for filing this notice of removal has not run because thirty (30) days have not expired since October 23, 2023, the date on which the Defendant was personally served with the Original Notice and Petition at Law.

7.     Under the Original Notice of Petition at Law, complete diversity exists, and removal is proper.

**II.    Amended Petition at Law**

8.     On October 31, 2023, Plaintiffs filed an Amended Petition at Law and Jury Demand attached as **Exhibit 3**.   An unfiled copy was emailed to Defendant Walmart's attorney on October 31, 2023. The email and attachment are attached as **Exhibit 4.**

9.    The Amended Petition adds individuals Doe #1, Doe #2, Doe #3, and Doe #4 as Defendants. (See **Exhibit 3**).    Does #1 and #2 are alleged to be Walmart employees that should have been aware of or should have been aware of the grape(s) on the floor before Plaintiff's fall. Doe #3 is alleged to be a Walmart employee responsible for safety training of Walmart employees and Doe #4 is alleged to be the Walmart store manager. (See **Exhibit 3**, ¶¶ 6-9).

10.    The amended complaint alleges that each Doe is a "possible resident of Iowa". (See **Exhibit 3**, ¶¶ 6-9).

11.    Plaintiffs changed their "Statement of the Claim" section    from "Defendant" to "Defendants" and added three additional subparts to the negligence allegations as follows:

"d.  In failing to remedy the dangerous condition;

e.  In failing to properly train and supervise employees regarding their duty to inspect and react to conditions on the floors that presented unreasonable risks of injury to customers in Stephanie's position; and

f.  In failing to properly train and supervise employees regarding their duty to warn customers of unsafe conditions on the floors and presented unreasonable risks of injury to customers in Stephanie's position."

12.    Removal remains proper under the Amended Petition at Law for two reasons.

**III.    Fictitious Defendants**

13.    First, the removal statute specifically directs that fictitious named parties are disregarded for purposes of determining diversity for federal jurisdiction. *See* 28 U.S.C § 1441(b)(1).

14.    Section 1441(b)(1) states as follows;

In determining whether a civil action is removable on the basis of jurisdiction under section 1332(2) [diversity

3

jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.

15.     Citizenship, or here possible citizenship, of the Does do not destroy complete diversity, thus removal for diversity and original jurisdiction under 28 U.S.C. §1332 is proper. *See Lee v. Airgas-Mid South, Inc.*, 793 F.3d 894, 898-899 (8th Cir. 2015); *Bromberg v. Dillard's Inc.*, 2007 U.S. Dist. LEXIS 73697, * 2 (E.D. Mo., Oct. 2, 2007); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228 (10th Cir. 2006).

16.     Therefore, in this case, under statutory language and case law, the Does possible citizenship cannot defeat removal, and removal is proper.

**IV.     Fraudulent Joinder**

17.     The individual Doe Defendants were fraudulent joined in an effort to defeat diversity jurisdiction. "Under the fraudulent joinder exception to the complete diversity rule, a district court may exercise diversity jurisdiction over a removed case lacking complete diversity if the plaintiff filed 'frivolous or illegitimate claims against a non-diverse defendant solely to prevent removal.'" *Bohnenkamp v. Hog Slat, Inc.*, 549 F. Supp. 3d 937, 942 (N.D. Iowa 2021) (*citations omitted)*. The removing party must prove that the claims against the non-diverse defendants have no reasonable basis in fact or law. *Id.* (citations omitted). The court may consider the intent or motive for adding a non- diverse party, and whether the Plaintiff will be injured if the non- diverse party was not present in the suit. *Bohnenkamp & Honey Haulers v. Hog Slat., Inc.*, 2020 U.S. Dist. LEXIS 248289, *5 (N.D. Iowa, October 14, 2020).

18.     Here, Plaintiff did not add the individual Doe Defendants until after Defendant Walmart's counsel advised Plaintiffs' counsel that Defendant planned to remove the litigation to federal court unless Plaintiff confirmed that the amount controversy was less than $75,000 minimum required for diversity jurisdiction. **Exhibit 4.**

19.     Notably, no new facts were discovered between the filing of the original and Amended Petition justifying added the individual Doe Defendants.

20.     Defendant Walmart as the employer is responsible for the actions of its employees, the individual Doe Defendants, under the principles of vicarious liability. There are no allegations that a Walmart employee intentionally caused injury to the Plaintiffs, which would result in claims outside of respondeat superior. The causes of action asserted continue to be based on negligence/premises liability and the three additional subparagraphs do not assert new causes of action. The Doe Defendants are unnecessary parties because their addition as parties does not change the alleged cause of action or the ultimate source of liability.

21.     There is no basis in fact or law to join the individual Doe Defendants. Their addition does not involve new facts or theories under which Defendant Walmart could not be held liable. Liability on the part of Defendant Walmart is the same with or without the individual Doe Defendants as named parties. It is clear that the individual Doe Defendants have been added to defeat diversity jurisdiction and **not** for legitimate reasons based in fact or law.

22.     The unreported cases referenced herein are attached as **Exhibit 5.**

23.     This case may be removed from the Iowa District Court in and for Pottawattamie County to the United States District Court for the Southern District of Iowa, Western Division, pursuant to 28 U.S.C. § 1332. The United States District Court has original jurisdiction over the litigation filed in state court based on diversity of the parties.

24.     The time for filing this notice of removal has not run because thirty (30) days have not expired since October 23, 2023, the date on which the Defendant was personally served with the Original Notice and Petition at Law.

25.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a copy of the Original Notice

and Petition at Law and the Amended Petition at Law filed by the Plaintiffs are attached and incorporated herein by reference as **Exhibit 1 and Exhibit 3**.

26.    Pursuant to Local Rule 81(a), Defendant states that this is the only matter currently pending in the state court that will require resolution. Defendant has not been served with and is not aware of any other process, pleadings, and/or orders in the action pending in the Iowa District Court for Pottawattamie County.

27.    Counsel that has appeared on behalf of the Plaintiffs in state court is:

Randall J. Shanks
SHANKS LAW FIRM
409 West Broadway
Council Bluffs, IA 51503
Telephone: (712) 322-2600
Facsimile: (712) 323-5577
E-mail: Randy@ShanksLaw.net

28.    This Notice of Removal is being served upon the Plaintiffs' counsel by electronic mail and is also being filed with the Clerk of the Iowa District Court in and for Pottawattamie County.

**WHEREFORE**, Defendant gives notice that the above-captioned action now pending against it in the Iowa District Court in and for Pottawattamie County is removed therefrom to the United States District Court for the Southern District of Iowa, Western Division.

Respectfully submitted,

*/s/ Veronica Kirk*
Veronica Kirk, AT0009420
Anne E. Updegraff, AT0008026
MWH LAW GROUP LLP
4350 Westown Parkway, Suite 120
West Des Moines, IA 50266-1090
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
E-mail: veronica.kirk@mwhlawgroup.com
E-mail: anne.updegraff@mwhlawgroup.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

*/s/ Cyndi R. Ellis*

I further certify that on November 10, 2023, I emailed a copy of the foregoing to opposing counsel at the address listed below:

Randall J. Shanks
SHANKS LAW FIRM
409 West Broadway
Council Bluffs, IA 51503
Telephone: (712) 322-2600
Facsimile: (712) 323-5577
E-mail: Randy@ShanksLaw.net
*Attorney for Plaintiffs*

*/s/ Cyndi R. Ellis*